# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

## CASE NO.:

JORGE MARQUEZ, and others
similarly-situated,

      *Plaintiff,*

v.

YMK HOSPITALITIES CO INC., d/b/a
Mina's Mediterraneo, a Florida
corporation , and YASMINE M. KOTB,
individually,

      *Defendants.*

_____/

## NOTICE OF REMOVAL

Defendants, YMK Hospitalities Co Inc., d/b/a Mina's Mediterraneo and Yasmine M.

Kotb, individually, pursuant to 28 U.S.C. § 1441 and 1446, and S.D. L.R. 3.4, files its Notice of

Removal of the action from the Circuit Court of the Eleventh Judicial Circuit for Miami-Dade

County, Florida, bearing Case No. 2017-8235 CA 01 (02), to the United States District Court for

the Southern District of Florida, as follows:

      1.     **State Court Action.** On April 5, 2017, Jorge Marquez filed an action in the

Circuit Court of the Eleventh Judicial Circuit in and for Maimi-Dade County, Florida, styled

*Jorge Marquez, and others similarly-situated v. YMK Hospitalities Co Inc., d/b/a Mina's*

*Mediterraneo and Yasmine M. Kotb, individually*, Case No. 2017-8235 CA 01 (02).

      2.     **Defendants' Receipt of Complaint.** On April 20, 2017, Defendants were served

with the Summons, Complaint, Notice of Consent to Join, First Interrogatories to Yasmine Kotb

and YMK Hospitalities, Request for Admissions to YMK Hospitalities, and First Request for Production to Defendants. Defendants did not have prior notice of the action.

3.    **Nature of Action.** Through the filing of the Complaint, Plaintiffs seek to recover alleged overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. All of Plaintiff's claims arise out of Plaintiff's employment with Defendant, YMK Hospitalities Co Inc., and its alleged failure to pay Plaintiff overtime.

4.    **Removal of State Court Action.** Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Further, this action is removable under 28 U.S.C. § 1331 (federal question jurisdiction). *See* ¶ 5. Venue is proper in the Miami Division of the Southern District of Florida and this notice is timely filed. *See* ¶¶ 6-7.

5.    **Federal Question Jurisdiction.** Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This is a civil action in which Plaintiff's claims for relief arise from and relate to their employment with Defendant, YMK Hospitalities Co Inc., and its alleged failure to pay Plaintiff overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Therefore, for purposes of 28 U.S.C. § 1331, this Court has original federal question jurisdiction over this action.

6.    **Venue.** As alleged in the Complaint, the conduct at issue relates to Plaintiff's employment with Defendant, YMK Hospitalities Co Inc., in Miami-Dade County, Florida. The Southern District of Florida is the judicial district embracing the place where the state court case

was brought and is pending and thus, is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 89(b), 1441(a) & 1446(a).  The Miami Division is the proper division within the Southern District of Florida to which the case should be removed given that Plaintiff alleges he was employed by Defendant, YMK Hospitalities Co Inc., in Miami-Dade County, Florida and brought his lawsuit in Miami-Dade County, Florida. *See* 28 U.S.C. §§ 1441(a), (e) & 1446(a); S.D.L.R. 3.4(D).

7.     **Timeliness of Notice of Removal.** Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since Defendants received Plaintiff's Complaint.

8.     **State Court Pleadings.** Pursuant to 28 U.S.C. § 1446(a), with this notice, Defendants are simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action. *See* Comp. Exhibit A.

## MEMORANDUM OF LAW

Based on the face of the Complaint and because of the arguments presented below, this action must be removed to federal court pursuant to 28 U.S.C. § 1331.

### I.     There is a Federal Question Involved

There is a federal question involved in the Complaint. This is a civil action in which Plaintiff's claim for relief in his Complaint arise from and relate to his employment with Defendant, YMK Hospitalities Co Inc., and its alleged failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*  Therefore, for purposes of 28 U.S.C. § 1331, this Court has original federal question jurisdiction over this action.

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and this action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

Respectfully Submitted,

VER PLOEG & LUMPKIN, P.A.
100 S.E. Second Street, 30th Floor
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**
Florida Bar No. 79170
smarino@vpl-law.com
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on

May 18, 2017, on all counsel or parties of record on the Service List below.

Edilberto O. Marban, Esq.
The Law Offices of Eddy O. Marban
1600 Ponce de Leon Blvd., Suite 902
Coral Gables, FL 33134
305-448-9292
305-448-9477 *facsimile*
marbanlaw@gmail.com
*Counsel for Plaintiff*

Stephen A. Marino, Jr., Esq.
Ver Ploeg & Lumpkin, P.A.
100 S.E. Second Street, 30th Floor
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*
smarino@vpl-law.com
*Counsel for Defendants*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr.**