**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-21871-CIV-SIMONTON**

JORGE MARQUEZ,

      **Plaintiff,**

**v.**

**YMK HOSPITALITIES CO INC.,**
**YASMINE M. KOTB,**

      **Defendants.**

_____/

<u>**ORDER AWARDING PLAINTIFF COSTS**</u>
<u>**REQUESTED IN BILL OF COSTS**</u>

      This matter is before the Court upon the Bill of Costs submitted by Plaintiff's Counsel, Edilberto O. Marban, ECF No. [27]. The Defendants have not responded to the Plaintiff's submission and the time for doing so has elapsed. Pursuant to the consent of the parties, the Honorable James Lawrence King, United States District Judge, has referred this matter to the undersigned Magistrate Judge for all further proceedings in the case, including trial and entry of a final judgment, ECF No. [10]. For the reasons stated below, the undersigned awards the Plaintiff costs in the amount of $905.74 against the Defendants.

      **I.**    <u>**BACKGROUND**</u>

      This action involves claims brought by Plaintiff Jorge Marquez against Defendants YMK Hospitalities Co. Inc., and Yasmine M. Kotb, for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA"), and the Florida Constitution, Article 10 § 24, ECF No. [1]. The matter was initially filed in state court and then removed to this Court, ECF No. [1]. After attending a settlement conference and reaching a settlement, the Parties submitted a confidential settlement agreement and general release to the undersigned for review, and requested that the Court approve that settlement. On

November 6, 2017, the undersigned entered an Order Approving FLSA Settlement and Dismissing Case pursuant to the Parties' request, ECF No. [26]. The Plaintiff has now filed his Bill of Costs seeking to recover costs expended in the prosecution of this matter, ECF No. [27]. Relevant for the resolution of the Plaintiff's Bill of Costs, the Confidential Settlement Agreement provided, among other things, that the amount of attorney's fees and costs would be determined by negotiated resolution or court order.

## II.     BILL OF COSTS

In the Bill of Costs, Plaintiff seeks to recover $415.04 in fees for the clerk, $80.00 for fees for service of summons and subpoena, $390.00 for compensation of interpreters, and $20.70 for other costs, for a total of $905.74 in costs, ECF No. [27]. In support of his request, Plaintiff Marquez has submitted receipts and invoices documenting those costs. Specifically, Plaintiff has submitted an email receipt reflecting that the Plaintiff paid $415.04 for filing this action, ECF No. [27] at 3, an email receipt reflecting costs in the amount of $20.70 for summons issued by the Clerk of Court, ECF No. [27] at 4, two (2) invoices for $40.00 each for service of the summons on the Defendants, ECF No. [27] at 5, and an invoice for $390.00 for Spanish interpreting services for a deposition, ECF No. [27] at 7.

The Defendants have not filed a response to the Plaintiff's Bill of Costs and thus have not objected to any of the costs sought by the Plaintiff.

## III.    ANALYSIS

As stated above, the Parties' Confidential Settlement Agreement provides that the Plaintiff's costs will be resolved by negotiated resolution or court order. Counsel for the Plaintiff filed the Bill of Costs almost a month after the Court entered the Order approving the FLSA Settlement and dismissing the case. Thus, it appears that the Parties were unable to reach a negotiated resolution of the Plaintiff's costs, and the Plaintiff seeks

2

relief from this Court as stated in the Settlement Agreement. In addition, Federal Rule of Civil Procedure 54(d)(1) provides that prevailing parties are entitled to costs, other than attorney's fees, "unless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1); *see also Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). In furtherance of Rule 54(d), "there is a strong presumption that the prevailing party will be awarded costs." *Mathews*, 480 F.3d at 1276.

However, 28 U.S.C. § 1920 permits a prevailing party to recover only the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursement for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under Section 1923 of [Title 28]; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of [Title 28].

28 U.S.C. § 1920. Local Rule 7.3(a) governing motions for Attorney's Fees and/or Non-Taxable Expenses and Costs provides that a ". . . [a] party shall seek costs that are taxable under 28 U.S.C. § 1920 by filing a bill of costs and supporting memorandum in accordance with paragraph 7.3(c) below." *Id.* A Court may not tax as costs any items not authorized by statute. *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 622 (11th Cir. 2000).

Here, all of the costs sought to be recovered by the Plaintiff are expressly permitted by § 1920. In addition, the Plaintiff has provided documentation to establish that the costs sought were incurred by the Plaintiff in the prosecution of this action. As

such, and given that there has been no objection filed by the Defendants, the undersigned concludes that the Plaintiff is entitled to recover the entire $905.74 sought in the Bill of Costs.

IV. <u>CONCLUSION</u>

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Plaintiff is hereby awarded costs sought in the Plaintiff's Bill of Costs in the amount of $905.74 against the Defendants. The Defendants shall pay the Plaintiff the costs awarded herein within thirty (30) days from the date of this Order.

**DONE AND ORDERED** in Miami, Florida, in chambers, on December 4, 2018.

_Andrea M. Simonton_
ANDREA M. SIMONTON
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All counsel of record